Andrew Daniel Basiago (Bar No. 26238)
Member of
The Law Office of Andrew D. Basiago
P.O. Box 2311
Vancouver, WA 98668-2311
Telephone: 360-980-4100

Attorney for Plaintiff
Ricky Brown, Jr.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICKY BROWN, JR., individually,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 14-5635<br><br>COMPLAINT FOR EMPLOYMENT REINSTATEMENT, COMPENSATORY DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS UNDER FMLA<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ricky Brown, Jr. ("Brown') complains of the defendant as follows:

JURISDICTION

1. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## VENUE

2.  The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## PARTIES

3.  Brown is, and at all times material hereto was, a citizen of the State of Washington, residing in Clark County, Washington.

4.  Brown is informed and believes, and upon that basis alleges, the defendant Charter Communications, Inc. ("CCI") is and was at all times material hereto, a Delaware corporation doing business in this district, and that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.  Brown, is informed and believes, and upon that basis alleges, that Danita Worthy ("Worthy") is, and at all times material hereto was, an agent, employee and servant of the master, CCI, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of CCI. Worthy, acting under authority of CCI, denied Brown the requisite leave permitted under the FMLA, and caused Brown to be terminated from employment by CCI in violation of the FMLA. Accordingly, adherence to the fiction that Worthy was acting outside the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice. Brown has not named Worthy as a defendant in this action to the extent prohibited by law.

6. Brown, is informed and believes, and upon that basis alleges, that Julie Noble ("Noble") is, and at all times material hereto was, an agent, employee and servant of the master, CCI, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of CCI. Noble, acting under authority of CCI, terminated Brown from employment by CCI in violation of the FMLA. Accordingly, adherence to the fiction that Noble was acting outside the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice. Brown has not named Noble as a defendant in this action to the extent prohibited by law.

7. Brown, is informed and believes, and upon that basis alleges, that Tina Morris ("Morris") is, and at all times material hereto was, an agent, employee and servant of the master, CCI, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of CCI. Morris, acting under authority of CCI, terminated Brown from employment by CCI in violation of the FMLA. Accordingly, adherence to the fiction that Morris was acting outside the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice. Brown has not named Morris as a defendant in this action to the extent prohibited by law.

## GENERAL ALLEGATIONS

8. At all times material hereto, Brown was an employee of CCI, employed first as a Billing Representative and then as a Retention Specialist, commencing in June 2011 until August 2012, reporting to a Team Supervisor at CCI's Vancouver, Washington facility, Worthy. The Retention Specialist position required both customer communication skills and basic computer skills, which are possessed by Brown.

9. On the morning of August 8, 2012, Brown, who suffers from asthma, experienced a medical emergency resulting from an asthma attack.

10. Brown was scheduled to report to work that day at 1:00 o'clock PM. In the morning, he telephoned CCI, stated that he was having an asthma attack, and asked to take a one-day medical absence. CCI granted Brown a one-day medical absence and advised him to obtain a Medical Certification of his asthma to comply with the FMLA.

11. On August 9. 2012, the asthma attack abated, and Brown returned to work and completed an eight-hour day without medical incident.

12. On August 10, 2012, when Brown woke up in the morning, he was again in medical distress from asthma. Brown telephoned CCI in the morning, stated that he was again having an asthma attack, and asked to take the day off on grounds of medical emergency. CCI granted Brown a second one-day medical absence.

13. The next day, August 11, 2012, Brown was still in the throes of asthma. He telephoned CCI in the morning, stated that he was still having the asthma attack, and asked to take the day off for medical emergency. CCI granted Brown a one-day absence.

14. On August 12. 2012, Brown was still having the asthma attack, but he was off work that day, so he stayed home without notifying CCI of his medical status.

15. On August 13, 2012, the asthma attack had abated. In the morning, Brown was seen by Dr. Yoon Park, who diagnosed chronic asthma, found medical incapacitation on August 8, 10 and 11, 2012, and approved Brown for five days of asthma leave per month. The Medical Certification, dated August 13, 2012, is attached hereto as Exhibit A.

16. In the afternoon of August 13, 2012, Brown reported to work. At 12:45 o'clock PM, 15 minutes before his shift was to begin at 1:00 o'clock PM, Brown reported to his team, and hand-delivered the Medical Certification to his Team Supervisor, Worthy.

17. At 3:00 o'clock PM on August 13, 2012, Brown was summoned to Human Resources, where Noble and Morris informed him that he was being fired. The reason they cited was that when Brown called in to ask for an absence on August 11, 2012, he failed to state medical emergency as the grounds for the absence, and so the absence on August 11th was an unexcused absence. This, in turn, caused him to earn 8.5 points in CCI's scoring system for absences, which was grounds for his termination. Brown protested, stating that when he called in on August 11, 2012 he had stated medical emergency as the grounds for the absence and informing Nobel and Morris about the Medical Certification.

18. When Brown pressed the matter, he was told that standard operating procedure was for a CCI employee to listen to each of the voice mails related to absences every morning, type it up, file a written record of the voice mail in the employees' personnel file, and then delete the voice mail. The notation in Brown's file for August 11th read simply: "Not coming in today." It was Brown's word that he had cited medical emergency against CCI's word that he had not, which rested on the supposition that when Brown requested a medical absence on August 11, 2012 what he said had been transcribed fully. It might not have been.

19. CCI had actual notice on August 11, 2012 that Brown was coping with a medical emergency, because he telephoned CCI on two of the previous three days (August 8, 2012 and August 10, 2012), including the previous day (August 10, 2012), stating that he was in medical distress from an asthma attack and could not work.

20. This notice was affirmed after the fact by the Medical Certification.

21. CCI admitted that Brown gave medical emergency as the basis for requesting absence from work on August 8, 2012 and August 10, 2012. Therefore, a reasonable inference can be drawn that he also did so on August 11, 2012.

22. CCI was the keeper of its own business records, and the cost of CCI's failure to record accurately what Brown stated when he called in on August 11th should be borne by CCI, not its employee. This is especially true when one considers that Brown did not fail to telephone his employer on August 11, 2012. Both parties agree that Brown telephoned CCI to request a day of absence on August 11, 2012. CCI merely alleges that Brown failed to cite medical emergency as the grounds for the absence and that the notation recorded in Brown's file is a complete and accurate expression of what Brown stated.

23. Brown's history of 45 absences (with 16 of them unexcused) had given CCI a basis to terminate Brown months before August 13, 2012. The fact that CCI did not do so, but only fired Brown after he asked for medical absences on three of the four work days prior to his firing on August 13, 2012, indicates that CCI fired Brown for exercising his rights under the FMLA during the days leading up to August 13, 2012.

24. Brown was terminated despite the fact that he had complied with CCI's request to provide them with a Medical Certification pertaining to his asthma condition in order to comply with the FMLA and despite the fact that he delivered this FMLA-compliant Medical Certification to his supervisor the morning of the day he was fired.

25. The U.S. Department of Labor later determined that CCI violated the

FMLA by failing to provide Designation Notice and is liable for the unlawful termination of employment of Brown. The U.S. Department of Labor's letter to Brown, dated May 1, 2013, is attached hereto as Exhibit B.

26. Brown is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraph 17 to 25 above, defendant failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to unlawfully terminate Brown from employment under FMLA.

27. Brown is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct: (1) Brown's right to absence from work on grounds of medical emergency was interfered with and impaired; (2) Brown's termination was in retaliation for Brown taking three days of absence for medical emergency in a four-day work period; (3) Brown's termination from employment was unlawful in that it violated his right to take a medical leave and then return to work; and (4) CCI's termination of Brown was done by CCI knowing that CCI had granted Brown absence from work on grounds of medical emergency in the days immediately leading up to his firing.

28. As a proximate cause of defendant's conduct, Brown has been unemployed and has been and will continue to experience a loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to the Retention Specialist position to which he is entitled; to provide food, shelter, and clothing for both he and his family; and to provide the medical care necessary to treat his asthma. These expenditures and costs are consistent with those recoverable for violation of the FMLA.

## FIRST CLAIM FOR RELIEF

(Compensatory Damages Under the FMLA)

29 U.S.C. § 2617(a)

29. Brown re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive.

30. Brown is informed and believes, and on that basis alleges, that CCI qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Brown is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

31. Brown is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Brown was denied his entitlement to leave as prescribed in FMLA.

32. Brown is informed and believes, and on that basis alleges, that Brown was entitled to restoration to his position as described in the FMLA, 29 U.S.C. § 2614(1), and that Brown was denied restoration to the same or equivalent position as per FMLA.

33. Brown is informed and believes and on that basis alleges that defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

34. As the result of Brown's termination, Brown has incurred, and is now incurring, a loss of wages and medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed $200,000.

These costs include, without limitation, lost wages from the effective date of termination, lost medical expenses from the date of termination, the loss of front pay as of the date of this complaint, any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617, and liquidated damages in the same amount as actual damages. The costs also include attorneys' fees that, as of the date of this complaint, exceed, $10,000.

35.   Brown is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant is liable to Brown for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief for Compensatory Damages under the FMLA)

29 U.S.C. § 2617(a)

36.   Brown re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 above.

37.   An actual controversy now exists between Brown on the one hand, and defendant, on the other, in that Brown contends that defendant is liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by Brown and reinstatement of Brown to his previous position of Retention Specialist, in connection with the alleged wrongful termination by CCI. Brown is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

38.   A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by Brown, is appropriate and in the interests of justice.

WHEREFORE, Brown prays for judgment against the defendant as follows:

## AS TO THE FIRST CLAIM FOR RELIEF
## FOR COMPENSATORY DAMAGES UNDER THE FMLA

1. For compensatory damages and other costs incurred by Brown according to proof, but believed to exceed $200,000, and reinstatement of Brown to his previous position of Retention Specialist.
2. For Brown's reasonable attorneys' fees.

## AS TO THE SECOND CLAIM FOR RELIEF
## FOR DECLARATORY RELIEF UNDER THE FMLA.

3. For a judicial declaration that the defendant is liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present, and future lost wages, medical benefits and other costs incurred by Brown in connection with Brown's termination of employment of CCI, including, without limitation, reasonable attorneys' fees.

## AS TO ALL CLAIMS

4. For all costs of suit herein; and
5. For such other and further relief as the Court deems just and proper.

Dated:  August 12, 2014        THE LAW OFFICE OF ANDREW D. BASIAGO
                               ANDREW DANIEL BASIAGO


                          By: _____
                               Andrew Daniel Basiago, a member of
                               THE LAW OFFICE OF ANDREW D. BASIAGO
                               Attorney for Plaintiff
                               Ricky Brown, Jr.



DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff Brown hereby demands trial by jury for the claims set forth in his complaint.

Dated:  August 12, 2014        THE LAW OFFICE OF ANDREW D. BASIAGO


                          By: _____
                               Andrew Daniel Basiago, a member of
                               THE LAW OFFICE OF ANDREW D. BASIAGO
                               Attorney for Plaintiff
                               Ricky Brown, Jr.